**ALEX SINK**
**CHIEF FINANCIAL OFFICER**
**STATE OF FLORIDA**

Florida Department of Financial Services


10-21232

190419

| | |
|---|---|
| C&W SOUTH INVESTMENTS, LLC, A FLORIDA CORPORATION, Plaintiff, vs. ARCADIS U.S., INC., a Delaware corporation, ET AL Defendants. | CASE #: 07CA 7662 MB<br>COURT: CIRCUIT COURT<br>COUNTY: PALM BEACH<br>DFS-SOP#: 10-21232 |

ARCADIS U.S., INC., a Delaware corporation, ET AL
Third-Party Plaintiff, vs.
CONSTRUCTION CONSULTING & MANAGEMENT CORP., ET AL
Third Party Defendant.
_____/
CONSTRUCTION CONSULTING, & MANAGEMENT CORP, ET AL
Third-Party Plaintiff, vs.
MID-CONTINENT CASUALTY COMPANY, a corporation,
Third Party Defendant.
_____/
SUMMONS, THIRD PARTY COMPLAINT, EXHIBITS

APR 1 2 2010

## NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida. Said process was received in my office by MAIL on the 5th day of April, 2010 and a copy was forwarded by Electronic Delivery on the 12th day of April, 2010 to the designated agent for the named entity as shown below.

MID-CONTINENT CASUALTY COMPANY
J.L. PIERCE   (jpierce@mcg-ins.com)
1437 SOUTH BOULDER DR, STE 200
TULSA OK 74119

\* Our office will only serve the initial process (Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent filings, pleadings or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080.

*Alex Sink*

Alex Sink
Chief Financial Officer

cc to: Plaintiff's Representative for filing in appropriate court:

JEFFREY M. LIGGIO
SUITE 3-B
1615 FORUM PLACE
WEST PALM BEACH FL 33401

TMB



IN THE CIRCUIT COURT OF
THE 15TH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH
COUNTY, FLORIDA

CASE NO.: 07-CA-7662-MB
Honorable Donald Hafele

C&W SOUTH INVESTMENTS, LLC,
a Florida corporation,

    Plaintiff,

vs.

ARCADIS U.S., INC., a Delaware corporation,
f/k/a ARCADIS G&M, INC., and DON J. SULLIVAN
& ASSOCIATES, INC., a Florida Corporation,

    Defendants.

---

ARCADIS U.S., INC., a Delaware corporation, f/k/a
ARCADIS G&M, INC.,

    Third-Party Plaintiff,

vs.

CONSTRUCTION CONSULTING & MANAGEMENT
CORP., a Florida corporation, and DONALD J.
SULLIVAN, an individual,

    Third Party Defendant.

---

CONSTRUCTION CONSULTING &
MANAGEMENT CORP., a Florida corporation,

    Third-Party Plaintiff,

vs.

MID-CONTINENT CASUALTY COMPANY, a corporation

    Third Party Defendant.

                                                 /

**SUMMONS**

THE STATE OF FLORIDA:

To All and Singular the Sheriffs/Process Servers of said State:

YOU ARE COMMANDED to serve this summons and a copy of the Third-Party Complaint in this action on the Defendant,

> MID-CONTINENT CASUALTY COMPANY
> c/o Chief Financial Officer
> Service of Process Section
> 200 East Gaines Street
> Tallahassee, FL 32399

Each Defendant is required to serve written defenses to the Third-Party Complaint on

**Jeffrey M. Liggio, Esquire**

Plaintiffs' attorney, whose address is:   The Barristers Bldg., Suite 3-B
1615 Forum Place
West Palm Beach, FL 33401
Telephone: (561) 616-3333

within 20 days after service of this Summons on the Defendant, exclusive of the day of service and to file the original of the defenses with the **Clerk of the Circuit Court, Palm Beach County, Circuit Court Division**, 205 North Dixie Highway, **West Palm Beach, FL 33401**, either before service on Plaintiffs' attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Third-Party Complaint.

DATED: __MAR 3 1 2010__, 2010.   SHARON R. BOCK
Clerk & Comptroller

WITNESS my hand and seal of said Court

By: ___Nakia Smith___
As Deputy Clerk

SHARON R. BOCK
Clerk & Comptroller
P.O. Box 4667
West Palm Beach, Florida
33402-4667

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT, IN AND FOR PALM
BEACH COUNTY, FLORIDA

CASE NO.: 07-CA-7662-MB
Honorable Donald Hafele

C&W SOUTH INVESTMENTS, LLC,
a Florida corporation,

    Plaintiff,

vs.

ARCADIS U.S., INC., a Delaware corporation,
f/k/a ARCADIS G&M, INC., and DON J. SULLIVAN
& ASSOCIATES, INC., a Florida Corporation,

    Defendants.
_____

ARCADIS U.S., INC., a Delaware corporation, f/k/a
ARCADIS G&M, INC.,

    Third-Party Plaintiff,

vs.

CONSTRUCTION CONSULTING & MANAGEMENT
CORP., a Florida corporation, and DONALD J.
SULLIVAN, an individual,

    Third Party Defendant.
_____

CONSTRUCTION CONSULTING &
MANAGEMENT CORP., a Florida corporation,

    Third-Party Plaintiff,

vs.

MID-CONTINENT CASUALTY COMPANY, a corporation

    Third Party Defendant.
_____/

## THIRD PARTY COMPLAINT

Third Party Plaintiff, CONSTRUCTION CONSULTING & MANAGEMENT CORP.,

*Construction Consulting v. Mid-Continent*
*Case No.: 07-CA-7662-MB*
*Third Party Complaint*
*Page 2 of 9*

(hereinafter "CONSTRUCTION CONSULTING") by and through its undersigned counsel hereby sues the Third Party Defendant, MID-CONTINENT CASUALTY COMPANY, hereinafter, "MID-CONTINENT," and, all facts being extant and material hereto, alleges:

### GENERAL ALLEGATIONS

1. This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00).

2. MID-CONTINENT is a corporation authorized to transact insurance in this state, and is authorized to do, and doing business in Palm Beach County, Florida.

3. CONSTRUCTION CONSULTING is a Florida Corporation, and is, in all respects sui juris.

4. On or about October 4, 2004, C & W South Investments entered into a contract with CONSTRUCTION CONSULTING, for CONSTRUCTION CONSULTING to act as contractor and/or construction manager for C&W for the construction of commercial property in St. Lucie County named Cumber Professional Park South.

5. C&W, whose principal Aftab Cumber also acted as his own Architect, hired directly SULLIVAN & ASSOCIATES to prepare a pre-development topographical survey of such property.

6. In addition, at C&W's instruction, CONSTRUCTION CONSULTING, entered into a contract with ARCADIS U.S. to provide grading, paving, and drainage plans for such property.

7. As a result of acts and/or omissions by SULLIVAN & ASSOCIATES and

*Construction Consulting v. Mid-Continent*
*Case No.: 07-CA-7662-MB*
*Third Party Complaint*
*Page 3 of 9*

ARCADIS U.S., and each of them, the Cumber Professional Park South project was graded one and a half feet too high, which required that the excess fill be removed, and the project to be re-graded at significant expense by the owner.

8. The owner of the aforesaid property filed suit against SULLIVAN & ASSOCIATES and ARCADIS U.S. arising out such situation in 2007.

8. On or about March 24, 2006, MID-CONTINENT issued a commercial general liability Insurance policy to CONSTRUCTION CONSULTING, policy number 04-GL-000638133, which included products/completed operations liability coverage attached hereto as Exhibit "A."

9. In February 2007, while the aforesaid insurance policy was in full force and affect, CONSTRUCTION CONSULTING placed MID-CONTINENT on notice of a claim arising out of the abovementioned problems with the project. On February 28, 2007, MID-CONTINENT acknowledged such notification. (Exhibit "B").

10. On May 4, 2007, MID-CONTINENT denied coverage for such claim. (Exhibit "C").

11. On or about May 16, 2007, while the aforesaid insurance policy was in full force and effect, ARCADIS U.S. filed a Third Party Complaint against CONSTRUCTION CONSULTING.

11. CONSTRUCTION CONSULTING provided such Complaint to MID-CONTINENT, and, on September 11, 2007, MID-CONTINENT denied coverage for both a defense and indemnity for such Complaint. (Exhibit "D").

*Construction Consulting v. Mid-Continent*
Case No.: 07-CA-7662-MB
Third Party Complaint
Page 4 of 9

12. As a result of MID-CONTINENT'S denial of coverage for both a defense and indemnity for the aforesaid claim to CONSTRUCTION CONSULTING, CONSTRUCTION CONSULTING was forced to retain its own counsel, and pay attorneys fees and costs for such services.

13. On September 24, 2008, C & W SOUTH INVESTMENTS filed a Second Amended Complaint in the aforesaid lawsuit, adding its own claim against CONSTRUCTION CONSULTING.[1]

14. CONSTRUCTION CONSULTING provided a copy of that second amended complaint to MID-CONTINENT, who, first on November 6, 2008, and again on November 24, 2008, denied coverage for both a defense and indemnity to CONSTRUCTION CONSULTING. (Exhibit "E" & "F").

15. As a result of MID-CONTINENT'S refusal to provide CONSTRUCTION CONSULTING a defense to the aforesaid claims, CONSTRUCTION CONSULTING was forced to retain its own counsel and pay said counsel a reasonable attorney's fee.

16. In addition to retaining counsel to defend CONSTRUCTION CONSULTING in the lawsuit brought against it by C & W SOUTH INVESTMENTS, and ARCADIS U.S. and CONSTRUCTION CONSULTING has now been forced to retain the services of

---

[1] C&W South Investments, LLC's direct claim against Construction Consulting (Count III of the 2nd Amended Complaint) is subject to arbitration and was therefore abated and severed from the instant action order entered October 5, 2009. Third Party claims for contribution and equitable subrogation against Construction Consulting by ARCADIS and SULLIVAN & ASSOCIATES remain part of the instant action.

*Construction Consulting v. Mid-Continent*
*Case No.: 07-CA-7662-MB*
*Third Party Complaint*
*Page 5 of 9*

undersigned counsel in order to prosecute this action.

## DECLARATORY RELIEF

Third Party Plaintiff, CONSTRUCTION CONSULTING hereby adopts, realleges and reaffirms each and every allegation contained in paragraphs 1 though 16 of this Complaint as though fully alleged herein and further alleges:

17. This is an action for Declaratory Relief pursuant to Chapter 86 of the Florida Statutes.

18. Although the various denials of coverage, (Exhibits "C", "D", "E" and "F"), are lengthy and selectively quote from various portions of the insurance policy, each of the aforesaid denial letters, distilled to their essence, denied coverage on the basis that the damage to the project was caused by the errors of the two sub-contractors, and the only damage was to the project itself.

19. On December 20, 2007, the Florida Supreme Court issued its opinion in, <u>United States Fire Insurance Company v J.S.U.B., Inc.</u>, 979 So2d 871 (Fla. 2007).

20. In *J.S.U.B.*, supra., the Court said at pp. 875:

> We conclude that defective work performed by a subcontractor that causes damage to the contractor's completed project and is neither expected nor intended from the standpoint of the contractor can constitute "property damage" caused by an "occurrence" as those terms are defined in a standard form commercial general liability policy. Accordingly, a claim made against the contractor for damage to the completed project caused by a subcontractor's defective work is covered under a post-1986 CGL policy unless a specific exclusion applies to bar coverage. In this case, the terms of the policy included an exception to the "Your Work" exclusion for faulty workmanship by a subcontractor and did not include a breach of contract exclusion.

*Construction Consulting v. Mid-Continent*
*Case No.: 07-CA-7662-MB*
*Third Party Complaint*
*Page 6 of 9*

21. It is apparent that MID-CONTINENT has adopted a stance that it will refuse to acknowledge the decision in J.S.U.B. and instead deny coverage for both a defense and indemnity for such claims. Indeed subsequent to such ruling MID-CONTINENT continues to force its insureds faced with such claim to file suit against it for coverage. See: <u>Homes by Deramo, Inc. v. Mid-Continent Casualty Company</u>, 661 F.Supp2d 1281 (M.D.Fla. Sept. 14, 2009).

22. Third Party Plaintiff contends that the policy provides for coverage for both a defense as well as indemnity for the aforesaid claims and this suit, and the MID-CONTINENT has both breached the policy of insurance, but also constitutes an abandonment of its insured, CONSTRUCTION CONSULTING.

23. On the facts of this case the Third Party Plaintiff, CONSTRUCTION CONSULTING, is in doubt as to its rights under the terms and provisions of the subject insurance policy and Florida law.

WHEREFORE, CONSTRUCTION CONSULTING respectfully requests that this Court:

A) Take jurisdiction over this matter for purposes of rendering a declaratory decree;

B) Having taken jurisdiction, enter an Order declaring that the subject insurance policy requires that MID-CONTINENT has duty to both defend and indemnify its insured, CONSTRUCTION CONSULTING as to the aforesaid claims and suit;

*Construction Consulting v. Mid-Continent*
*Case No.: 07-CA-7662-MB*
*Third Party Complaint*
*Page 7 of 9*

C) Require MID-CONTINENT to immediately assume the defense of CONSTRUCTION CONSULTING in the instant claims and suit, and to mandate that the Defendant, MID-CONTINENT must also indemnify CONSTRUCTION CONSULTING in such claims and suit;

D) Require MID-CONTINENT to fully reimburse CONSTRUCTION CONSULTING for any sums expended for both costs and attorneys fees in defending itself in the aforesaid claims and suit, with interest;

E) Grant such other relief as this Court deems proper;

F) Retain jurisdiction over the parties and the subject matter to assess reasonable attorneys fees and costs to Class counsel and assess any and all penalties this Court deems meet and just.

WHEREFORE, Third Party Plaintiff CONSTRUCTION CONSULTING, respectfully requests this Honorable Court to enter declaratory judgment in its favor and against Third Party Defendant, MID-CONTINENT CASUALTY COMPANY and award damages costs, and attorneys fees pursuant to Florida Statute §627.428, and pre-judgment interest on all liquidated sums.

## COUNT II
## BREACH OF FIDUCIARY DUTY

Third Party Plaintiff, CONSTRUCTION CONSULTING hereby adopts, realleges and reaffirms each and every allegation contained in paragraphs 1 though 16 of this Complaint as though fully alleged herein and further alleges:

24. The Third Party Defendant, MID-CONTINENT was acting in a fiduciary

*Construction Consulting v. Mid-Continent*
*Case No.: 07-CA-7662-MB*
*Third Party Complaint*
*Page 8 of 9*

capacity for the Third Party Plaintiff, CONSTRUCTION CONSULTING to promptly and fairly evaluate the aforesaid claims and suit against CONSTRUCTION CONSULTING, and to handle every aspect of the adjustment and defense of the aforesaid claims and suit fairly and honestly and with due regard for CONSTRUCTION CONSULTING'S interests, and before MID-CONTINENT'S own interests.

25. As such a fiduciary, MID-CONTINENT has a duty to defend and indemnify the Third Party Plaintiff, as to such claims and suit.

26. MID-CONTINENT breached their fiduciary duty with regard to the claims and suit against Third Party Plaintiff, CONSTRUCTION CONSULTING by abandoning CONSTRUCTION CONSULTING to its own devices forcing it to both pay for its own defense and being faced with a potential judgment against it without any insurance indemnity.

27. As a direct and proximate result of the Third Party Defendant, MID-CONTINENT'S Breach of Fiduciary Duty, the Third Party Plaintiff, CONSTRUCTION CONSULTING sustained damages including, but not limited to:

    (A)    Out of pocket expenses, including the costs and attorney's fees and expenses incurred during the pendency of the aforesaid claims and suit.

WHEREFORE, Third Party Plaintiff, CONSTRUCTION CONSULTING demands judgment against Third Party Defendant, MID-CONTINENT CASUALTY COMPANY, for an amount in excess of Fifteen Thousand ($15,000.00) Dollars, plus interest on all liquidated sums, costs and attorneys fees pursuant to Florida Statute §627.428, and demands a trial by jury of all issues so triable.

*Construction Consulting v. Mid-Continent*
*Case No.: 07-CA-7662-MB*
*Third Party Complaint*
*Page 9 of 9*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S. Mail on this 15TH day of March 2010 to: **STEVEN B. LESSER, ESQ., and BELINDA A. BACON, ESQ.**, Becker & Poliakoff, P.A., 3111 Stirling Road, Fort Lauderdale FL 33312-6525; **EUGENE H. BRANDT, ESQ.**, Peterson Bernard, 1550 Southern Boulevard, Suite 300, West Palm Beach FL 33416; **CURTIS L. BROWN, ESQ., and JEREMY S. SHARON, ESQ.**, Wright, Fulford, Moorehead & Brown, P.A., 145 North Magnolia Avenue, Post Office Box 2828, Orlando FL 32802; and **ANDREW S. YAGODA, ESQ.**, Andrew S. Yagoda, P.A., 269 Giralda Avenue, Suite 200, Coral Gables, FL 33134.

> LIGGIO BENRUBI, P.A.
> The Barristers Building, Suite 3B
> 1615 Forum Place
> West Palm Beach FL 33401
> Telephone: (561) 616-3333
> Facsimile: (561) 616-3266
> Email: jliggio@liggiolaw.com
>
> By: _____
> JEFFREY M. LIGGIO
> Florida Bar No.: 357741

Const/2634/mss