UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-81220-CIV-MARRA/JOHNSON

CONSTRUCTION CONSULTING &
MANAGEMENT CORP., a Florida corporation,

Plaintiff,

vs.

MID-CONTINENT CASUALTY COMPANY,
a foreign corporation,

Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant Mid-Continent Casualty Company's Motion to Dismiss (DE 4).  The Court has carefully considered the motion and is otherwise fully advised in the premises.

I.  Background

On October 16, 2010, Defendant Mid-Continent Casualty Company ("Defendant") filed a Notice of Removal of a state court third-party complaint brought against it by Plaintiff Construction Consulting & Management Corp. ("Plaintiff").  Prior to removal, the state court judge granted Defendant's motion to sever the third-party action from the main action for discovery and trial. (Notice of Removal, DE 1.)

Plaintiff is a contractor who was sued as a third-party defendant for alleged grading defects at a construction project.  (Compl., Ex. B, attached to DE 1-2.)   Prior to suit having been filed against Plaintiff, the owner of the property filed suit against its surveyor and Plaintiff's sub-contractor in 2007.  (Compl. ¶ 8.)  Plaintiff had previously entered into a contract with its sub-

contractor in which the subcontractor would provide grading, paving and drainage plans for the property.  (Compl. ¶ 6.)

On or about March 2006, Defendant issued a commercial general liability insurance policy to Plaintiff and, in February 2007, Plaintiff put Defendant on notice of a claim arising out of the grading problems with the project. (Compl. ¶ 8-9.)  On May 4, 2007, Defendant denied coverage for the claim. (Compl. ¶ 10.)  On or about May 16, 2007, the surveyor filed a third-party complaint against Plaintiff. (Compl. ¶ 11.)  Plaintiff provided that complaint to Defendant and Defendant denied coverage for both defense and indemnity. (Compl. ¶ 11.[1])  On September 24, 2008, the owner of the property amended the state court complaint, adding its own claim against Plaintiff. (Compl. ¶ 13.)  Plaintiff provided a copy of that amended complaint to Defendant who also denied coverage for both defense and indemnity. (Compl. ¶ 14.)

Plaintiff brings claims for declaratory relief (count one) and breach of fiduciary duty (count two).  The declaratory judgment claim states that Plaintiff "contends that the policy provides for coverage of both a defense as well as indemnity for the aforesaid claims and this suit, and [Defendant] has both breached the policy of insurance, but also constitutes an abandonment of its insured."  (Compl. ¶ 22.)  The breach of fiduciary duty claim alleges that Defendant had a duty to defend and indemnify Plaintiff for the claims and suits against Plaintiff and Defendant breached its fiduciary duty by "abandoning [Plaintiff] to its own devices forcing it to pay for its own defense and being faced with a potential judgment against it without any insurance indemnity." (Compl. ¶ ¶ 24-26.)

---

[1] The Complaint contains two paragraphs with the number "eleven."  This citation refers to the second paragraph "eleven."

Defendant moves to dismiss, claiming that the breach of fiduciary duty claim is barred by the economic loss rule.  In addition, Defendant asserts that the breach of fiduciary duty claim is, in essence, a claim for bad faith and is therefore not ripe until there has been a determination of coverage.

II.  Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b) (6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

3

III.  Discussion[2]

Defendant argues that the breach of fiduciary duty claim is barred by the economic loss rule because Plaintiff and Defendant are in contractual privity and Plaintiff has failed to allege an independent tort unrelated to its contractual privity.  (Mot. at 2-3.)  In response, Plaintiff states that the economic loss rule generally applies to product liability actions.  Moreover, Plaintiff claims that the economic loss rule does not apply because Defendant has neglected to provide professional services to the claims made against Plaintiff. (Resp. at 5-7.)

In Indemnity Insurance Co. of North America v. American Aviation, Inc., 891 So.2d 532, 536 (Fla. 2004), the Florida Supreme Court explained the two different circumstances to which the economic loss rule applies under Florida law: The first application, the "contractual privity economic loss rule" is when parties are in contractual privity and one party seeks to recover damages in tort for matters arising from the contract. The rule is designed to prevent the parties from "circumventing the allocation of losses set forth in the contract" by making a claim for economic loss in tort. Id.; see also Allen v. Stephan Co., 784 So. 2d 456, 457 (Fla. Dist. Ct. App. 2000) (the economic loss rule bars recovery in tort where the act "complained of relates to the performance of the contract.").  "[C]ommercial parties are more than capable of protecting themselves against defective products by bargaining for such protection in their contracts." Tyco Safety Products Canada, Ltd. v. Abracon Corp., No. 08-80604-CIV, 2008 WL 4753728, at * 4 n.5 (S.D. Fla. 2008) (citing Jarmco, Inc. v. Polygard, Inc., 668 So. 2d 300 (Fla. Dist. Ct.

---

[2] In a diversity case, the Court applies Florida substantive law. See Pendergast v. Sprint Nextel Corp., 592 F.3d 1119, 1132-33 (11th Cir. 2010) ; Royal Ins. Co. of America v. Whitaker Contracting Corp., 242 F.3d 1035, 1040 (11th Cir.2001).

App.1996).

The second application, the "products liability economic loss rule," applies when there is a defect in a product that causes damage to the product, but causes no personal injury or damage to other property. Indemnity Insurance, 891 So. 2d at 536-38. The "products liability economic loss rule" bars a tort cause of action where a product is involved, when the product damages only itself, and the losses are purely economic. See Abracon Corp., 2008 WL 4753728, at * 4 (citing Florida Power and Light Co. v. Westinghouse Electric Corp., 510 So.2d 899, 900 (Fla.1987)). The "other property" exception to the economic loss rule is limited to "property unrelated and unconnected to the product sold." Id. (citing Jarmco, Inc. v. Polygard, Inc., 668 So. 2d 300 (Fla. Dist. Ct. App.1996).

Here, there is no dispute that this case does not concern a product liability action. This case does, however, turn on the insurance contract entered into between the parties. Thus, the contractual privity economic loss rule is germane to this discussion. The economic loss rule "has not eliminated causes of action based upon torts independent of the contractual breach even though there exists a breach of contract action. Where a contract exists, a tort action will lie for either intentional or negligent acts considered to be independent from acts that breached the contract." HTP, Ltd. v. Lineas Aereas Costarricenses, S.A., 685 So. 2d 1238, 1239 (Fla.1996). The Court must therefore examine and compare the allegations of the breach of the fiduciary duty claim with the declaratory judgment claim.[3]

---

[3] The state declaratory judgment claim will be construed as a federal declaratory judgment claim because the declaratory judgment act is procedural, not substantive. See GTE Directories Publishing Corp. V. Trimen Am., Inc., 67 F.3d 1563, 1567 (11th Cir. 1995); Nirvana Condominium Ass'n, Inc. v. QBE Ins. Corp., 589 F. Supp. 2d 1336, 1335 n.1 (S.D. Fla. 2008) (construing claim based on Florida Declaratory Judgment Act as arising under 28 U.S.C. §

5

In asserting the breach of fiduciary duty claim, the Complaint states that Defendant had a duty to defend and indemnify Plaintiff for the claims and suits against Plaintiff, and Defendant breached its fiduciary duty by "abandoning [Plaintiff] to its own devices forcing it to pay for its own defense and being faced with a potential judgment against it without any insurance indemnity." (Compl. ¶ ¶ 24-26.)  Significantly, these same allegations are pled in the declaratory judgment claim as evidenced by the allegations that Plaintiff "contends that the policy provides for coverage of both a defense as well as indemnity for the aforesaid claims and this suit, and [Defendant] has both breached the policy of insurance, but also constitutes an abandonment of its insured."  (Compl. ¶ 22.)  Thus, none of the acts complained of by Plaintiff in the breach of fiduciary duty claim are independent from the acts alleged in the declaratory judgment claim. See Royal Surplus Lines Ins. Co. v. Coachman Indus., Inc., 184 Fed. Appx. 894 (11th Cir. 2006)

---

2201); Chapman v. Clarendon Nat. Ins. Co., 299 F. Supp. 2d 559, 563 (E.D. Va. 2004) (federal court construed state declaratory judgment claim as brought under federal declaratory judgment act); Haagen-Dazs Shoppe Co., Inc. v. Born, 897 F. Supp. 122, 126 n.2 (S.D.N.Y.1995) (federal declaratory judgment act governs propriety of declaratory relief in diversity cases under Erie); DeFeo v. Proctor & Gamble Co., 831 F. Supp. 776, 779 (N.D. Cal. 1993) (federal declaratory relief action is implicated even in diversity actions).  For the purposes of discussing the economic loss rule, the declaratory judgment claim is comparable to a breach of contract.  The purpose behind the Declaratory Judgment Act is to afford a [ ] form of relief from uncertainty and insecurity with respect to rights, status, and other legal relations." Casualty Indem. Exch. v. High Croft Enter., 714 F. Supp.1190, 1193 (S.D. Fla.1989). "The Declaratory Judgment Act 'permits actual controversies to be settled before they ripen into violations of law or a breach of contractual duty.'" Sierra Equity Group, Inc. v. White Oak Equity Partners, LLC, 650 F. Supp. 2d 1213, 1230 (S.D. Fla. 2009) (citing 10B C. Wright & A. Miller, Federal Practice & Procedure, Civil 3d § 2751 (2004)).  With respect to insurance disputes, there is a "need to have the declaratory judgment statutes construed so that declaratory judgment actions are an available procedure to resolve insurance coverage controversies [and it would be] illogical and unfair to not allow insureds and insurers to have a determination as to whether coverage exists on the basis of the facts underlying a claim against an insurance policy." Higgins v. State Farm Fire & Casualty Co., 894 So.2d 5, 14-15 (Fla. 2005).

(citing Indemnity Ins. Co. of N. Am. v. Am. Aviation, Inc., 891 So. 2d 532 (Fla. 2004) (the economic loss rule does apply "where the parties are in contractual privity and one seeks to recover damages in tort for matters arising from the contract"); Granat v. Axa Equitable Life Ins. Co., No. 06-21197-CIV, 2006 WL 3826785 (S.D. Fla. Dec. 27, 2006) (claim for breach of fiduciary duty based on non-payment of life insurance policy is barred by economic loss rule because it was rooted in same set of facts as breach of contract claim); Travelers Indem. Co. of Ill. v. Royal Oak Enterprises, Inc., 429 F. Supp. 2d 1265 (M.D. Fla. 2004) (dismissing breach of fiduciary duty claim in insurance context as barred by economic loss rule).  Given the similarities between the alleged obligations under the insurance contract and the acts that Plaintiff identify as constituting a breach of fiduciary duty, the breach of fiduciary duty, as pled, is barred under Florida law.[4]

Lastly, the Court rejects Defendant's contention that the breach of fiduciary duty is essentially a bad faith claim and therefore must be abated until there has been a determination of coverage. (Mot. at 3-4.)   The Complaint does not allege a count for bad faith and Plaintiff states

---

[4] Plaintiff cites several cases that are unpersuasive to the Court.  Performance Paint Yacht Refinishing, Inc. v. Haines, 190 F.R.D 699 (S.D. Fla. 1999) simply noted that a breach of contract claim does not in and of itself bar a breach of fiduciary claim. Id. at 701.  Furthermore, the facts in Performance Paint are significantly different than here as the breach of fiduciary claim was brought against a former officer of a corporation (as well as a managerial employee) for violating non-competition agreements. Id. at 700.  Likewise, Invo Florida, Inc. v. Somerset Venturer, Inc., 751 So. 2d 1263 (Fla. Dist. Ct. App. 2000) merely states that the breach of fiduciary duty has not been abolished by the economic loss rule and the law imposes fiduciary duties on directors of dissolved corporations. Id. at 1266-67.  Florida Auto Joint Underwriting Ass'n v. Milliman, Inc., 4:06cv546-WCS, 2007 WL 1341127 (N.D. Fla. May 3, 2007) held that the breach of fiduciary duty claim was not barred. In that case, the court likened the broker's fiduciary duties as an investment manager to the professional services exception of the economic loss rule. Id. at * 5-6.  Here, there is no allegation that Defendant failed to render professional services.

that count two of the Complaint is a claim for breach of fiduciary duty, not bad faith. Based on this representation by Plaintiff, the Court will not convert this claim into a bad faith claim.

In view of the foregoing, the breach of fiduciary claim is dismissed. The Court will, however, grant Plaintiff leave to amend the breach of fiduciary claim to cure the deficiencies outlined herein, assuming Plaintiff can replead this claim and allege, in good faith and subject to the requirements of Fed. R. Civ. P. 11, a tort claim separate and independent from the acts constituting the alleged breach of the insurance policy.

IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant Mid-Continent Casualty Company's Motion to Dismiss (DE 4) is **GRANTED** as to count two of the Complaint. Plaintiff may amend count two consistent with the directives in this Order **within 15 days of the date of entry of this Order.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 7th day of January, 2011.

_____
KENNETH A. MARRA
United States District Judge